IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELWOOD SMALL** : | CIVIL ACTION |
| *Plaintiff* : | |
| : | |
| v. : | NO. 23-CV-4809 |
| : | |
| **THEODORE W. JOHNSON,** *et al.* : | |
| *Defendants* : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                      JUNE 3, 2024

      Elwood Small, a prisoner convicted of second degree murder and currently serving a life sentence at SCI Phoenix, has filed this civil rights Complaint seeking (1) declaratory relief that, at the time his offenses occurred, the Pennsylvania statute imposing a life sentence for second degree murder was unconstitutionally vague, and (2) injunctive relief prohibiting the Defendants – all officials with the Pennsylvania Parole Board – from denying him future parole eligibility. Presently before the Court is the Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Because at its core, Small's constitutional claim would necessarily imply the invalidity of his criminal sentence, his claim is not cognizable in a civil rights action.  Accordingly, this Court will grant Defendants' Motion and the case will be dismissed without prejudice.

**I.       FACTUAL ALLEGATIONS**[2]

---

[1] Small filed a Response to the Motion, which he styled as a "Motion in Opposition." (ECF No. 18.)  In the Order that accompanies this Memorandum, the Clerk of Court will be directed to reclassify Small's "Motion in Opposition" as a "Response" to the Defendants' Motion to Dismiss and terminate Small's Motion.

[2] The facts set forth in this section of the Memorandum are taken from Small's Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Small was convicted of second-degree murder on April 13, 1983 in the Court of Common Pleas of Philadelphia County. (Compl. at 7.) He was sentenced on November 9, 1983 to life imprisonment on his conviction.[3] (*Id.*) On August 15, 2023, in response to an application for parole he sent to the Pennsylvania Parole Board, he was informed "[u]pon review of your application and the Department of Corrections records of your sentencing, it appears that you are serving a life sentence and are therefore not eligible for parole consideration based on 61 Pa.C.S. § 6137(a)." (*Id.* at 8.)

Small has named as Defendants Theodore W. Johnson, the Chairman of the Pennsylvania Parole Board, any and all John and Jane Doe members of the Parole Board, its agents and successors who are personally responsible for the denial of parole to Small, and for the enforcement of 61 Pa. Cons. Stat. § 6137(a) in the denial of parole to Small. (Compl. at 17.) All Defendants are named in their individual and official capacities. Small asserts that, at the time he committed his offenses, the Pennsylvania criminal statutes used to impose a life sentence without parole upon him for second-degree murder, namely 42 Pa. Cons. Stat. 9756(c),[4] 18 Pa. Cons. Stat.

---

[3] A review of state court records confirms that Small was found guilty on November 9, 1983 of second-degree murder, aggravated assault, simple assault, robbery, and criminal conspiracy. *Commonwealth v. Small*, CP-51-CR-0521601-1982 (C.P. Philadelphia). He received a life sentence for the murder conviction, plus a 5-10 year sentence on the other charges. *Id.* The procedural history of Small's numerous petitions filed pursuant to the Pennsylvania Post Conviction Relief Act, is recounted by the Pennsylvania Supreme Court in *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020).

Small has also filed prior petitions seeking *habeas corpus* relief in this Court. *See Small v. Sorbia*, No. 21-604 (E.D. Pa.), ECF No. 20 (report and recommendation setting forth Small's history of seeking *habeas corpus* relief and recommending that the pending petition be denied as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); *see also id.*, ECF No. 26 (Order adopting report and recommendation that habeas petition be dismissed without an evidentiary hearing).

[4] In 1983, when Small was convicted and sentenced, § 9756 read:

(a) General rule.-- In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.

1102(b),[5] and 61 P.S. § 331.21 (now 61 Pa. Cons. Stat. 6137(a)),[6] when read together are unconstitutionally vague. (Compl. at 5.)

## II. DEFENANTS' MOTION, SMALL'S RESPONSE, AND DEFENDANTS' REPLY

In their Motion, Defendants argue that because Small seeks relief that would, in effect, challenge the validity of his sentence, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487

---

> (b) Minimum sentence.--The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.
> (c) Prohibition of parole.--Except in the case of murder of the first degree, the court may impose a sentence to imprisonment without the right to parole only when:
> > (1) a summary offense is charged;
> > (2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and
> > (3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa. Stat. and Cons. Stat. Ann. § 9756 (effective to August 20, 2000).

[5] In 1983, Section 1102(b) read:

> (b) Second degree.-- Except as provided under section 1102.1, a person who has been convicted of murder of the second degree, of second degree murder of an unborn child or of second degree murder of a law enforcement officer shall be sentenced to a term of life imprisonment.

18 Pa. Cons. Stat. Ann. § 1102(b) (effective to December 15, 2008).

[6] In 1983, Section 331.21, the predecessor to § 6137(a), read:

> The board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, *except convicts condemned to death or serving life imprisonment*, whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby. The power to parole herein granted to the Board of Parole may not be exercised in the board's discretion at any time before, but only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Pardon Board in a sentence which has been reduced by commutation. . . .

61 P.S. § 331.21 (superseded 2009; emphasis added).

3

(1984).[7] They assert that in Small's case the Pennsylvania criminal sentencing and parole statutes "work together to supply a sentence of life imprisonment without parole, with parole ineligibility a part of the sentence itself." (Def. Mem. at 3.) They argue that Small's claim challenging his criminal sentencing statute, 61 Pa. Const. Stat. § 6137(a) as unconstitutionally vague, if successful "would, effectively, invalidate his criminal sentence as the parole code and crime code work in tandem to provide [Small's] 'sentencing scheme'[,] which currently makes him ineligible for parole by operation of . . . § 6137(a)." (*Id*. at 4-5.) Thus, they conclude, his claim is barred by *Heck* and must be dismissed.

In response, Small argues that his due process rights are being violated because the Pennsylvania sentencing statutes noted above, when read together to deny him the possibility of parole, are unconstitutionally vague. (Pl. Resp. Mem. at 1-2.) He asserts that he is not challenging his conviction and sentence and, thus, the bar of *Heck* does not apply. (*Id*. at 5.) In his Complaint, Small contends, he did not assert that any of the three sentencing statutes, by themselves, are unconstitutionally vague; rather his claim is that they are defective when they are read together. (*Id*. at 6.) He reiterates that he seeks only prospective injunctive relief prohibiting the Defendants from denying him future parole eligibility and does not challenge the legality of his conviction or the validity of his sentence. (*Id*. at 6-7.) He argues that *Heck* does not bar his claim because, were he to prevail, he "would still be serving a life sentence, and the Pennsylvania Parole Board would still retain discretion regarding whether or not to grant parole." (*Id*. at 7.) He argues that suits that seek to declare invalid parole procedures that deny eligibility may be brought under § 1983 since

---

[7] In *Heck*, the United States Supreme Court held that a prisoner may not pursue a § 1983 action which necessarily impugns the validity of the conviction or duration of sentence, unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.

4

such claims would not necessarily spell speedier release from custody. (*Id.* (citing *Wilkerson v. Dotson*, 433 U.S. 74, 81-82 (2005) (holding that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration); *Skinner v. Switzer*, 562 U.S. 521, 532–33 (2011) (holding that although a state court decision is not reviewable by lower federal courts, a statute or rule governing that decision may be challenged in an independent federal action because it is not subject to the *Rooker/Feldman* doctrine).)

In reply, the Defendants reiterate that Small's claim is barred by *Heck* because he is raising a challenge to the length of his sentence. They assert that the holding of *Wilkerson* does not apply because that case involved an attack on administrative procedures used to determine parole eligibility, which is distinct from an attack on the length of confinement imposed by a sentencing judge. (Def. Reply Mem. at 2-3.)

### III. STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). To determine whether a complaint filed by a *pro* se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally).

## III.   DISCUSSION

### A.   Pennsylvania's Sentencing Scheme for Second-Degree Murder

In *Hudson v. Pennsylvania Bd. of Prob. & Parole*, 204 A.3d 392 (Pa. 2019), the Pennsylvania Supreme Court, after first noting that "[r]elease on parole is 'a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence," *id*. at 313-14 (quoting *Rogers v. PBPP*, 724 A.2d 319, 322-23 (Pa. 1999), went on to examine how a prisoner's maximum sentence and minimum sentence, if any, imposed under the Pennsylvania second-degree murder statute determined his eligibility for parole. The Court stated that "the actual sentence of a prisoner subject to total confinement is his maximum sentence, and his minimum sentence merely sets the time after which he is eligible to

serve the remainder of his sentence on parole." *Id*. at 314.  Thus, "the court must, as a general rule, state a minimum sentence of confinement no greater than one-half of the maximum sentence. . . . When a defendant is convicted of second-degree murder, the court is required to impose total confinement for life." *Id*. (citing 18 Pa. Cons. Stat. § 1102(b) (providing that, with some exception not applicable there nor to Small, a person convicted of second-degree murder "shall be sentenced to a term of life imprisonment").).  Hudson argued that his life sentence for second-degree murder was "a maximum sentence that should be imposed together with a minimum sentence.  Since no minimum sentence for second-degree murder was stated in his sentencing order, [Hudson] suggests that . . . a minimum sentence of one day should be presumed and retroactively applied to him." *Id*. (internal citation omitted).

The Pennsylvania Supreme Court rejected this assertion.  First, it held that Hudson's life sentence for second-degree murder "is qualitatively different in that it expires when the prisoner dies, not after a specified number of years." *Id*. at 315.  The "one-half" rule for minimum sentence thus could not apply because it would be impossible to execute since a "sentencing court cannot know, at the time of sentencing, the number of years the defendant will continue to live." *Id*. at 316.  Thus, the Court concluded that "the Legislature did not intend for Section 9756(b)'s minimum-sentence provision to apply to mandatory life sentences for second-degree murder." *Id*. at 317.

The Court went on to address whether there were any other statutory provisions upon which to conclude that a minimum parole date can or should attach to a life sentence for second-degree murder.  It rejected Hudson's reliance upon another statute, 42 Pa. Cons. Stat. § 9756(c) – the same statute invoked by Small – providing a list of specific minor offenses that, in addition to first-degree murder, are not eligible for parole. *Id*.  While acknowledging that the language of § 9756(c)

7

could lend itself to a conclusion that it provided an exhaustive list of parole-ineligible offenses, the Court also acknowledged "[a]t the same time, however, and as developed above, the sole statutory directive for courts in imposing a minimum term of total confinement does not apply to mandatory life sentences." *Id*. at 318.  Returning to the concept that release on parole is a matter of grace and mercy, the Court agreed "with the fundamental premise . . . that Section 9765 was never intended specifically to create a personal right to be reviewed for parole." *Id*. at 318-19. The Court thus concluded that Hudson, having been sentenced to life imprisonment for second-degree murder "lack[ed] any legal right to parole eligibility." *Id*. at 319.

Finally, the Court also recognized that the Pennsylvania Parole Board, as an administrative agency of the Commonwealth, "can only exercise those powers which have been conferred upon it by the Legislature in clear and unmistakable language." *Id*. at 319 (citing *Aetna Cas. & Sur. Co. v. Ins. Dep't*, 638 A.2d 194, 200 (Pa 1994) (other citations omitted)).  Moreover, under the parole statute (the same one upon which Small now seeks to rely), 61 Pa. Cons. Stat. § 6137(a)(1), the Board may "release on parole any inmate to whom the power to parole is granted to the board by this chapter, *except an inmate condemned to death or serving life imprisonment*." *Id*. (emphasis in original).  Because, at bottom, "[t]here is no statutory authorization for the Board to grant parole to an individual sentenced to a mandatory life term," the Court concluded that the Board lacked the power to release on parole an inmate serving a mandatory life sentence for second-degree murder.  *Id*. (citing *Commonwealth v. Brenizer*, 384 A.2d 1218, 1221 (Pa. 1978).

### B.     Small's § 1983 Claim is barred by *Heck*

With this understanding of Pennsylvania statutory provisions governing the sentencing of those who commit second-degree murder in mind, it is clear that Small's "void for vagueness" claim attacking the Board's decision that he is ineligible for parole is actually a *habeas corpus*

claim and any attempt to assert it under the guise of § 1983 is barred by *Heck* because his sentence has not been previously invalidated. "[W]hen a state prisoner is challenging the very fact *or duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added). As the United States Supreme Court has stated, "[c]hallenges to the validity of any confinement *or to particulars affecting its duration* are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) (emphasis added, internal citations omitted).

> In *Wilkinson*, the Supreme Court provided this helpful synopsis:
>
> Throughout the legal journey from *Preiser* to [*Edwards v. Balisok*, 520 U.S. 641 (1997)], the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement — either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks — not where it simply "relates to" — "core" habeas corpus relief, *i.e.,* where a state prisoner requests present or future release. *Wolff* [*v. McDonnell*, 418 U.S. 539 (1974)] makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner. . . . These cases, taken together, indicate that a state prisoner's § 1983 action is barred [by *Heck*] (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. 74, 81-82 (2005) (emphasis in original, internal citations omitted).

"When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — a challenge, however denominated and regardless of the relief sought, must be brought by way

9

of a *habeas corpus* petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Thus, the holding of *Preiser* requires a prisoner who is asserting that his sentence is unconstitutional and he is therefore entitled to earlier or immediate release to raise that issue in a *habeas corpus* proceeding.[8]

While challenges to the constitutionality of parole *procedures* that, if successful, would result in eligibility for parole or a parole hearing are not core *habeas* claims, *Wilkinson*, 544 U.S. at 82, that is not this case.  Small does not challenge a parole procedure.  He challenges the constitutionality of his sentence under the Commonwealth's criminal statutes, and is, accordingly pursuing a claim that necessarily implies the invalidity of his sentence.  This means that Small cannot pursue his request for a declaration that he is entitled to parole eligibility in a civil rights action such as this one since success in this action would necessarily demonstrate the invalidity of the duration of his confinement.  *Heck*, 512 U.S. at 487; *Wilkinson*, 544 U.S. at 82.  Accordingly, Small's claims seeking injunctive and declaratory relief that he can be eligible for parole in the future will be dismissed without prejudice.  *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016)

---

[8] Notably, courts that have addressed the type of issue Small seeks to raise here, namely that the state sentencing statute is unconstitutionally vague, do so in the context of *habeas corpus* proceedings after exhaustion of available state court remedies.  *See, e.g.*, *Martinez v. Stridiron*, 538 F. App'x 184, 185 (3d Cir. 2013) ("Martinez now appeals the denial of his habeas petition, contending that . . . the Virgin Islands sentencing provision for second-degree murder is unconstitutionally vague."); *Robinson v. Beard*, 762 F.3d 316, 320 (3d Cir. 2014) (affirming denial of *habeas corpus* petition asserting the Commonwealth's capital sentencing statute was vague and overbroad); *Flamer v. Delaware*, 68 F.3d 736, 739 (3d Cir. 1995) (*en banc* affirmance of two appeals from orders of the United States District Court for the District of Delaware that denied *habeas corpus* petitions filed by two state prisoners asserting sentencing statute was vague).

(stating that claims barred by *Heck* must be without prejudice to reassertion in the event the litigant's conviction and/or sentence are invalidated).

An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*